**Michael R. PRUNEAU, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 60303.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 25, 1992.

Robert L. Fleming, Columbia, for appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Michael R. Pruneau, appeals the denial of his Rule 24.035 motion without an evidentiary hearing, in the Circuit Court of Ste. Genevieve County, Missouri. We reverse and remand.

On November 17, 1989, appellant had sexual intercourse with a fourteen year old girl, to whom he was not married. On August 14, 1990, appellant waived a preliminary hearing and was charged by information with first degree sexual assault, RSMo § 566.040 (1986), a Class C felony. Appellant pled guilty to the charge as part of a plea arrangement which involved another case as well. Pursuant to the agreement, the State recommended two years in prison, to run consecutive to the five year sentence imposed in appellant's other criminal matter.

Before accepting appellant's plea of guilty, the court questioned appellant extensively about his counsel, his understanding of the proceeding, his understanding of his rights and his waiver of those rights by pleading guilty. The court verified appellant's understanding of the above, and found appellant was not coerced into pleading guilty. The court also found, on the basis of appellant's repeated assurances, no probable cause of ineffective assistance of counsel existed. Thereafter, the court sentenced appellant to two years' imprisonment, as the State had recommended.

On October 30, 1990, appellant timely filed a *pro se* post-conviction motion under Rule 24.035. The State Public Defender's Office was appointed to represent appellant on the very next day and, with an extension, was granted 60 days to file an amended motion. The sixtieth day, December 30, 1990, fell on a Sunday, so appellant's motion was filed the following Monday. The amended motion pled matters not contained in appellant's original *pro se* motion.

On April 19, 1991, after various procedural foibles, the motion court denied appellant's motion without an evidentiary hearing, on the grounds that appellant's amended motion was filed out of time. The court therefore disregarded all claims in the amended motion.

The motion court then went on to review the claims in appellant's *pro se* motion. The court denied relief on the grounds that appellant claimed facts contrary to the record. This appeal followed.

Appellant contends, and the State concedes, that the trial court clearly erred by disregarding appellant's amended Rule 24.035 motion. Rule 44.01(a) clearly states:

In computing any period of time prescribed or allowed by these rules, ... the last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.

Because appellant's amended motion brought additional claims not mentioned in appellant's *pro se* motion, the court's review of the *pro se* motion does not cure the error. We are therefore compelled to reverse the trial court's judgment and remand the case for consideration of appellant's amended motion.

REINHARD, P.J., and CRANE, J., concur.